August 5, 2015

79,711-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 11 2015

Abel Acosta, Clerk

Ms. Abel Acosta (Clerk)
P.O. Box 12308, Capitol Station
Austin, Texas 78711

RE: Writ No. W12-71251-U(B); Ex Parte Glena Eddington
#1816311

MOTION DENIED
DATE: 8-20-15
BY: PC

Dear Ma'am:

Today, I received The Copy of My Returned Motion To Supplement With Ineffective Assistance Of Counsel Claim. Enclosed Please Find The Motion. Also Today, The State Forwarded It's Findings Of Fact And Conclusions Of Law, in the above-Styled Writ.

Your Promptness in Amending my Writ With the Motion To Supplement Before The Court Would Greatly Appreciated. Thanking You in Advance.

Sincerely

Signature Glena Eddington
Glena Eddington 1816311

xc: File

1816311 Eddington

Ex Parte

Glena Eddington
#1816311

§
§
§
§
§
§

IN THE

TEXAS Court of Criminal Appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 09 2015

## Petitioner's Motion To Supplement State Writ Of Habeas Corpus With Ineffective Assistance of Counsel Claim

To The Honorable Court of Criminal Appeals:

Now comes Glena Eddington, TDCJ-ID #1816311, files her Motion To Supplement Her State Writ of Habeas Corpus with Ineffective Assistance of Counsel Claim in the above-styled and numbered Writ, and Would Respectfully Show The Court The Following;

## I. Procedural Background

Originally, May 10, 2013, Petitioner Eddington filed her first State Writ, No. W-12-71251U(A) in the District Court; alleging-; 1.) Excessive Sentence; 2.) ineffective assistance of Counsel, and 3.) improper enhancement of her sentence.

Her Writ was denied in The Texas Court of Criminal Appeals, July 3, 2013. Alleging Her Direct Appeal Pending: Compare To, Ex Parte Rich, 194 S.W. 3d 508 (Tex. Crim. App 2006).

June 1, 2015 Petitioner Eddington filed The Instant Writ of Habeas Corpus alleging illegal Sentence and Void Judgement.

June 29, 2015, The District Court Recommended her Writ Be Denied; No. W-12-71251U(B). Attached To It's Order. Was a Copy of The State's Notice of Special Plea of Enhancement Paragraphs, As Exhibit #2.

Consequently, Eddington files her Motion To Supplement her Second State Writ of Habeas Corpus with an Ineffective Assistance of Counsel Claim. Prior To The Date, Eddington had No Knowledge of the Document. SEE Strickland v. Washington U.S. 104 S. Ct 2052 (1984).

U.S.C.A. Const. Amend. 6 V.A.C.C.P. Art. 11.07.

Pg. 1

## II. Argument & Authorities

1.) Firstly, Petitioner, Eddington was never made aware of her Const. rights Regarding The Sufficiency of an indictment. She never impliedly waived such rights. The Petitioner never acknowledged she was aware of the elements, Nor Does the indictment reference it's Statutory Authority, Although she did expressly Waive the reading of the indictment. SEE, Strickland v. Washington. Compare to, Williams v. Collins, 802 F. Supp. At 1530 (W. D. Tex. 1992) U.S.C.A Constitution Amend. 6.

2.) Secondly, Petitioner's Attorney failed to: 1.)-Investigate The Validity of Eddington's prior State Convictions Used For Enhancement. SEE,→ McGEE v. STATE, She has never had a Manufacturing/Delivery of a Controlled Substance, Cause #14403, Lamar County; The Special Plea's 1994 Conviction. Consequently, This Conviction is Void. Instead, Eddington Was Convicted of Delivery of a Simulated Substance, an Under, V.T.C.A. Health & Safety Code §482.002(a)(2), 482.003, A State Jail Felony. IN CONTRAST TO, SEE, Anderson v. State, 895 S.W. 2d 756 (Tex. App Texarkana 1994) SEE, Madeley v. Estelle, 606 F. 2d 560 (Tex. C.A. 5 (Tex. 1979). Const. Amend. 6. In Ex Parte, Dietzman, 851 S.W. 2d 304 (Tex. Cr. App-1997), THE TEXAS Court of Criminal Appeals Held "A Conviction as a result of Ineffective assistance is Constitutionally infirm". The United States Supreme Court Held "A Constitutionally infirm Conviction Can not Be Used To Enhance Punishment." SEE, Burgett v. State of Texas, 389 U.S. 885 ct 129, (1967), Consequently, As A Result of Ineffective Assistance of Counsel. Petitioner Eddington's State Jail Conviction WAS Illegally enhanced and The Judgement is Void. Rich, Id. Without the Requisite Two, properly sequenced usable prior State Jelony Convictions, The Enhancement Under The Texas Habitual Offenders STATUE, V.T.C.A Penal Code §12.42(a)(3), Specifically Her 20 yr Sentence is illegal and Unauthorized By Law. SEE, Dretke v. Haley, 124 S. Ct 1847 (2004), SEE, Haley v. Cockrell, 306 F. 3d 257 (5th Cir. 2002); SEE, Ex Parte Rich, 194 S.W. 3d 508

(Tex. Cr. App-2006), The Texas Court of Criminal Appeals holding an illegal Sentence can be Corrected AnyTime, Refer. To WI2-7I251U(A). Had The State Reviewed Eddington's Current Conviction To Retain it's Status, The Maximum Term She Would have "Served 2 yrs State Jail" SEE, Willis v. Collins, 989 F. 2d 187 (5th Cir. 1993)

3.) Additionally, Her Criminal indictment is Void on it's Face. Rich, Id It only alleges an Offense. of Theft over $1,500 but less Than $20,000, A State Jail Felony, And No Enhancement Paragraphs, while her Notice of STATE's Special Plea -- Contains an Errouneous Conviction(AE). IN WEAVER v. McKaskle, 733 F. 2d At 1107 (5th Cir. 1984), The Fifth Circuit Court of Appeals Held, The "Exception" to THE ConTemPRANEous OBjection Rule in [T]exas is a Void indictment.

Wherefore Premises considered, Petitioner Eddington's Prays her Motion To Supplement her State WRit of Habeas Corpus... AND all other Relief To Which She is entitled BE GRANTED.

Respectfully Submitted
Glena Eddington

## Certificate of Service

I Glena Eddington, TDCJ-ID#1816311, Do hereby certify that her Motion To Supplement her State WRit of Habeas Corpus, has been filed; By Mailing (First-Class postage Prepaid); To Ms. Abel ACOSTA, Clerk of Texas Criminal Appeals At P.O. Box 12308, Capitol STation Austin, Tx 78711; And A Copy forwarded To: Ms. Susan Hawk, District Attorney, Dallas County FRANK Crowley Bldg 133 N. Riverfront Blvd. LB19, Dallas, Texas 75207-4399, ON THiS 16th Day of July 2015.

Pg 3

_Glena Eddington_

Glena Eddington (PRO SE)
TDCJ, ID# 1816311
Mountain View Unit (F2-7)
2305 Ransom Rd.
Gatesville, TX 76528